**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** and **THE STATE OF NEW YORK,** *ex rel.* Christopher Purnell and Pierce York, and **CHRISTOPHER PURNELL** and **PIERCE YORK**, individually,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>**BRONX ADDICTION SERVICES INTEGRATED CONCEPTS SYSTEM, INC. a/k/a BASICS**, and **ACACIA NETWORK HOUSING, INC. f/k/a BASICS HOUSING, INC.**,<br><br>　　　　　Defendants. | DOCKET NO.<br><br>FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff and *qui tam* Relators Christopher Purnell and Pierce York, by and through Relators' undersigned counsel, Brown, LLC, alleges of personal knowledge as to Relators' own observations and actions, and on information and belief as to all else, as follows:

**I.
PRELIMINARY STATEMENT**

1. Defendants operate an inpatient substance abuse rehabilitation center in the Bronx.

2. The majority of Defendants' inpatients are beneficiaries of New York Medicaid, and some also receive Social Security Disabilities Benefits in relation to their substance dependence. Further, the majority of the inpatients are admitted pursuant to a court order.

3. Despite receiving substantial money from the government to provide substance abuse counseling and related services, Defendants frequently fail to provide any such services. Nevertheless, Defendants still billed the government for those nonexistent services.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

4. Instead, Defendants' rehabilitation facility essentially operates as an expensive detainment facility wherein inpatients are mostly left to their own devices. Predictably, many inpatients fail to recover from their substance abuse or regain independent living skills.

5. The United States of America is the source of an amount of the payments provided to Defendants by New York Medicaid and the Social Security Administration.

6. Relator thus brings this *qui tam* action on behalf of the United States of America under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA"), to recover treble the damages actually sustained by, and civil penalties and restitution owed to, the United States as a result of a scheme by Defendants to commit fraud.

7. Relator also brings this *qui tam* action on behalf of the State of New York under the New York False Claims Act, N.Y. CLS St. Fin. §§ 187 *et seq.* (the "NYFCA"), to recover treble damages sustained by, and civil penalties and restitution owed to, New York as a result of a scheme by Defendants to commit fraud.

8. This Complaint has been filed *in camera* and under seal pursuant to 31 U.S.C. § 3730(b)(2) and N.Y. CLS St. Fin. § 190(2)(b). It will not be served on Defendants unless and until the Court so orders.

9. A copy of the Complaint, along with written disclosure of substantially all material evidence and information that Relator possesses, has been served contemporaneously herewith on the Attorney General of the United States and on the United States Attorney for the District of New York pursuant to 31 U.S.C. § 3730(b)(2) and Fed. R. Civ. P. 4(d), and on the Attorney General of New York pursuant to N.Y. CLS St. Fin. § 190(2)(b) and N.Y. CPLR § 307(1).

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

## II.
## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought for violations of the FCA, a federal statute. In addition, this Court has jurisdiction over the state-law claims pursuant to 31 U.S.C. § 3732(b).

11. The Court has personal jurisdiction over Defendants because Defendants (a) are residents of and are licensed to transact and do transact business in, this District; and (b) have carried out their fraudulent scheme in this District.

12. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391 (b)(2), because Defendants can be found in, are licensed to do business in, and transact or have transacted business in this District, and events and omissions that give rise to these claims have occurred in this District.

13. The Complaint has been filed within the time period prescribed by 31 U.S.C. § 3731(b), 29 U.S.C. § 255, and N.Y. CLS St. Fin. § 192(1).

## III.
## NO PUBLIC DISCLOSURE;
## DIRECT AND INDEPENDENT KNOWLEDGE
## OF VIOLATIONS OF THE FALSE CLAIMS ACT

14. There has been no public disclosure, relevant under 31 U.S.C. § 3730(e) and N.Y. CLS St. Fin. § 190(9), of the "allegations or transactions" in this Complaint.

15. Relators make the allegations in this Complaint based on their own knowledge, experience and observations.

16. Relators are the original source of the information on which the allegations herein are based, have direct and independent knowledge of such information, and have voluntarily disclosed such information to the United States and New York before filing this action.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

## IV.
## THE PARTIES

**A.    Plaintiff the United States**

17.    Plaintiff the United States of America brings this action by and through Relators. At all times relevant to this Complaint, the United States, acting through the Centers for Medicare & Medicaid Services ("CMS"), provided monies to New York Medicaid, some of which were used to reimburse Defendants. The United States also reimbursed Defendants through the Social Security Administration ("SSA").

**B.    Plaintiff the State of New York**

18.    Plaintiff the State of New York brings this action by and through Relators. At all times relevant to this Complaint, New York, acting through New York State Department of Health, has reimbursed Defendants for the provision of substance abuse services to eligible individuals.

**C.    Plaintiffs/Relators**

19.    Relator Purnell is a citizen of the United States. During the relevant times, Purnell has been a resident of Bronx County, New York. Since approximately August 1, 2018, Purnell has been an inpatient of Defendants' substance abuse treatment facility located at 1064 Franklin Avenue, Bronx, New York 10456.

20.    Relator York is a citizen of the United States. During the relevant times, York has been a resident of Bronx County, New York. Since approximately January 2, 2019, York has been a voluntary inpatient of Defendant's substance abuse treatment facility located at 1064 Franklin Avenue, Bronx, New York 10456. York is in training to become a Credentialed Alcoholism and Substance Abuse Counselor ("CASAC") in the State of New York.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

B.     **Defendants**

21.    Defendant Bronx Addiction Services Integrated Concepts System, Inc. a/k/a BASICS ("BASICS") is a non-profit corporation with its principal business address at 1064 Franklin Avenue, Bronx, New York 10456. BASICS purportedly provides long-term inpatient substance abuse treatment, including court-ordered rehabilitation. As of the writing of this Complaint, there are approximately 120 inpatients residing at BASICS.

22.    Defendant Acacia Network Housing, Inc. ("Acacia") f/k/a BASICS Housing, Inc. is a non-profit corporation with its principal business address at 300 East 175th Street, Bronx, New York 10457. Acacia provides temporary housing to the homeless. BASICS and Acacia split from a common progenitor organization, and currently share the same board of directors, assets, and liabilities.[1]

## V.
## THE STATUTORY FRAMEWORK

A.     **The False Claims Act**

23.    The False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, (the "FCA"), reflects Congress's objective to "enhance the Government's ability to recover losses as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (1986). As relevant here, the FCA establishes treble damages liability for an individual or entity that:

   a. knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

   b. knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim….

31 U.S.C. § 3729(a)(1).

---

[1] *See* Combined Tax Filings and Financial Statements of BASICS and Acacia, *available* at http://acacianetwork.org/wp-content/uploads/2016/01/5-BASICS-123114.pdf (last accessed July 9, 2019).

24. "Knowing" is defined by the FCA to include "deliberate ignorance of the truth" or "reckless disregard of the truth." *Id*. § 3729(b)(1).

25. The FCA defines "claim" to include any request for money that:

> is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—
>
> (I) provides or has provided any portion of the money or property requested or demanded; or
>
> (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded….

*Id*. § 3729(b)(2)(A)(ii). Thus, the United States has a cause of action under the FCA for fraud upon a state Medicaid program.[2]

26. For each false claim or other FCA violation, the FCA provides for the assessment of treble damages, plus a civil penalty.[3]

27. The FCA provides for payment of a percentage of the United States' recovery to a private individual who brings suit on behalf of the United States (the "Relator") under the FCA. *See* 31 U.S.C. § 3730(d).

---

[2] *See, e.g., Hays v. Hoffman*, 325 F.3d 982, 988 (8th Cir. 2003) ("When Congress amended the FCA in 1986, it defined 'claim' to include requests for money made to grantees of the federal government. The legislative history explained this was done to clarify that false claims for FCA purposes include claims submitted to state agencies under the Medicaid program and other State, local, or private programs funded in part by the United States where there is significant Federal regulation and involvement.") (internal citation and quotation marks omitted; citing S. REP. NO. 99-345 at 22, 1986 U.S.C.C.A.N. at 5287); *Kane ex rel. United States v. Healthfirst, Inc*., 120 F. Supp. 3d 370, 396 (S.D.N.Y. 2015) ("Congress has repeatedly and specifically provided that claims submitted to Medicaid constitute false claims for the purposes of the FCA.") (citing, *inter alia*, S. Rep. No. 111-10, at 11, 2009 U.S.C.C.A.N. 438, explaining that the 2009 Fraud Enforcement and Recovery Act clarified that "the FCA reaches all false claims submitted to State administered Medicaid programs.").

[3] 31 U.S.C. § 3729(a)(1)(G) provides a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410). The Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, 28 U.S.C. 2461 note, substituted a different statutory formula for calculating inflation adjustments on an annual basis. Following that formula, on January 29, 2018, the Department of Justice promulgated a Final Rule increasing the penalty for FCA violations occurring after November 2, 2015. For such penalties assessed after January 29, 2018, the minimum penalty is $11,181 and the maximum is $22,363. *See* 28 C.F.R. § 85.5; 83 Fed. Reg. 3945 (January 29, 2018).

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

B.   **The New York False Claims Act**

28.   The New York False Claims Act, N.Y. CLS St. Fin. §§ 187 *et seq.* ("NYFCA") is similar to the FCA but covers claims made to New York.

29.   The NYFCA establishes liability for any person who:

 (a)   knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;

 (b)   knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

N.Y. CLS St. Fin. § 189(1).

30.   "Knowingly" is defined by the NYFCA to include acting "in deliberate ignorance of the truth or falsity of the information" and "in reckless disregard of the truth or falsity of the information." *Id*. § 188(3)(a).

31.   Any person violating any of these provisions is liable for a civil penalty, plus treble damages. *Id*. § 189(1)(h).

32.   The NYFCA provides for payment of a percentage of New York's recovery to a private individual who brings suit on behalf of New York (the "Relator") under the NYFCA. *Id.* § 190(6).

C.   **The New York State Medicaid Program**

33.   In conjunction with Medicare, Congress enacted Medicaid under Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq*.

34.   Medicaid is a jointly funded cooperative venture between the federal and state governments to provide health care to certain groups, primarily the poor and the disabled. *See* 42 C.F.R. §§ 430.0 *et seq*.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

35. Under the Medicaid program, the United States, through CMS, pays a specified percentage of each state's Medicaid program expenditures, known as the Federal Medical Assistance Percentage ("FMAP"). *See* 42 U.S.C. § 1396d(b).

36. Substance dependence treatment providers that have been certified by the New York Office of Alcoholism and Substance Abuse Services ("OASAS") and are enrolled in New York Medicaid can receive reimbursements from New York Medicaid for services provided to eligible beneficiaries.

37. At all times relevant herein, Defendant BASICS has been certified by OASAS and enrolled in New York Medicaid.

38. Enrolled providers submit claims for payments to New York Medicaid electronically.

**D.    Social Security Disability Insurance Benefit Payments**

39. The Social Security Act provides benefit payments to eligible individuals, including the elderly and disabled. 42 U.S.C. § 301, *et seq*.

40. For an individual to receive Social Security disability insurance ("SSDI") benefit payments, the individual must be unable to engage in substantial gainful employment. *Id*. § 423(d)(1). An individual suffering from mental impairment may be considered eligible for SSDI benefits. *Id*. § 423(d)(2)(A).

41. SSDI benefits are paid directly to a representative payee instead of the beneficiary if the beneficiary is under 18 years old, or is:

> (1) Legally incompetent or mentally incapable of managing benefit payments; or
>
> (2) Physically incapable of managing or directing the management of his or her benefit payments; or

(3) Eligible for benefits solely on the basis of disability and drug addiction or alcoholism is a contributing factor material to the determination of disability.

20 C.F.R. § 416.610(a).

42.     A representative payee which has been found by SSA or a court of competent jurisdiction to have misused beneficiary payments may be disqualified from serving as a representative payee. *Id*. § 416.622(d).

## VI.
## DEFENDANTS' FRAUD

43.     The New York Office of Alcoholism and Substance Abuse Services ("OASAS"), which regulates rehabilitation facilities like Defendants', provides the following program requirements:

> *Minimum services*. Inpatient programs shall provide, at a minimum, the following services as clinically indicated and specified in the individualized treatment/recovery plan:
>
> (1) trauma-informed individual and group counseling and activities therapy….
>
> (2) skills to identify and manage craving and urges to use, anticipate re-occurrence, and develop a prevention plan;
>
> (3) education about, orientation to, and the opportunity for participation in, available and relevant self-help groups and other forms of peer support;
>
> (4) assessment and referral services for patients and significant others;
>
> (5) HIV and AIDS education, risk assessment, supportive counseling and referral….
>
> (6) vocational and/or educational assessment; and
>
> (7) medical and psychiatric consultation.

OASAS Regulation Part 818.[4]

---

[4] *Available a*t https://www.oasas.ny.gov/legal/documents/Part818.pdf (last accessed July 9, 2019).

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

44. As a matter of routine practice, Defendants do not provide the OASAS-mandated services to its inpatients at its rehabilitation facility located at 1064 Franklin Avenue, Bronx, New York 10456.

45. Defendants bill for the inpatients for three group counseling sessions and one group seminar session.[5] Furthermore, Defendants bill each inpatient for one session of individual counseling every two weeks.

46. In reality, Defendants' counselors frequently fail to provide these therapy sessions.

47. Instead of hosting actual counseling sessions, Defendants' counselors routinely circulate attendance sheets for inpatients to sign indicating that they have received counseling, when in fact they didn't. The counselors then leave the inpatients on their own.

48. Relator Purnell possesses a video recording in which Defendants' caseload representative named Lorenzo obtains a signature from Purnell's roommate Sean Laydon attesting that Laydon had received individual counseling from counselor Jesse Martin. On the video, Lorenzo, Laydon, and Purnell mock the obviously fraudulently nature of the signing.

49. On the video, Lorenzo states: "So what Jesse Martin does is he just passes around this sheet and says he had an individual counseling with someone."

50. In response, Laydon states: "This is what I've been signing for since I got here…. 'Cause I was wondering when I would have my individual counseling session…. It's funny too because the [counseling session's] end time is four thirty, but I was at work from six thirty A.M. to five o'clock and I just got back now at six thirty."

---

[5] A group counseling session involves 15 or fewer inpatients. A seminar involves more than 15 inpatients.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

51. Laydon, Relator York, and approximately 12 other inpatients have "worked" for Defendants, performing duties including reception and building maintenance.

52. Because these patient-employees typically work full-time schedules for the Defendant, they generally do not have time to receive counseling, and indeed tend not to receive any counseling.

53. Due to Defendants' neglect, some inpatients are unable to recover from their addictions or develop real-life skills, and thus remain at the rehabilitation facility for multiple years.

## COUNT I
## FEDERAL FALSE CLAIMS ACT: PRESENTATION OF FALSE CLAIMS

54. As alleged above, Defendants presented claims for payment to New York Medicaid and the SSA for counseling sessions which did not occur. Such claims were therefore false or fraudulent.

55. The submission of these false claims caused New York Medicaid and the SSA to pay out monies that it would not have paid if it had known of the falsity of these claims.

56. New York Medicaid and the SSA are grantees or other recipients of money from the United States Government within the meaning of 31 U.S.C. § 3729(b)(2)(A)(ii). The United States has provided portions of the money Defendants requested from New York Medicaid and the SSA, or will reimburse New York Medicaid and the SSA for such money. All such money is to be spent to advance the United States' interest in the respective programs.

57. Accordingly, Defendants knowingly presented false or fraudulent claims for payment in violation of 31 U.S.C. § 3729(a)(l)(A).

58. Each false or fraudulent claim submitted to New York Medicaid or the SSA is a separate violation of the FCA.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

59. By reason of the false or fraudulent claims that Defendants knowingly presented, the United States has been damaged in an amount to be proven at trial.

## COUNT II
## FEDERAL FALSE CLAIMS ACT:
## MAKING OR USING FALSE RECORD OR STATEMENT

60. As described above, Defendants used false records and statements when they caused claims for payment to be submitted to New York Medicaid and the SSA, including false documentation of counseling sessions.

61. The submission of these false records or statements caused New York Medicaid and the SSA to pay out monies that it would not have paid if it had known of the falsity of Defendants' records or statements.

62. New York Medicaid and the SSA are grantees or other recipients of money from the United States Government within the meaning of 31 U.S.C. § 3729(b)(2)(A)(ii). The United States has provided portions of the money Defendants requested from New York Medicaid and the SSA, or will reimburse New York Medicaid and the SSA for such money. All such money is to be spent to advance the United States' interest in the respective programs.

63. Accordingly, Defendants knowingly used false records or statements material to false or fraudulent claims for payment, in violation of 31 U.S.C. § 3729(a)(l)(B).

64. Each submission of a false record or statement to New York Medicaid or the SSA is a separate violation of the FCA.

65. By reason of the false or fraudulent records or statements that Defendants knowingly submitted, the United States has been damaged in an amount to be proven at trial.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

### COUNT III
### NEW YORK FALSE CLAIMS ACT:
### PRESENTATION OF FALSE CLAIMS

66. As alleged above, Defendants presented claims for payment to New York Medicaid for counseling sessions which did not occur. Such claims were therefore false or fraudulent.

67. These false statements or misrepresentations caused New York Medicaid to pay out monies that it would not have authorized to pay if it had known of the falsity of the statements or representations contained in these claims.

68. Accordingly, Defendants knowingly presented false or fraudulent claims for payment in violation of N.Y. CLS St. Fin. § 189(1)(a).

69. Each false or fraudulent claim submitted to New York Medicaid is a separate violation of the NYFCA.

70. By reason of the false statements or misrepresentations that Defendants knowingly made, New York has been damaged in an amount to be proven at trial.

### COUNT IV
### NEW YORK FALSE CLAIMS ACT:
### MAKING OR USING FALSE RECORD OR STATEMENT

71. As described above, Defendants used false records and statements when they caused claims for payment to be submitted to New York Medicaid, including false documentation of patient visits.

72. The submission of these false records or statements caused New York Medicaid to pay out monies that it would not have paid if it had known of the falsity of Defendants' records or statements.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

73. Accordingly, Defendants knowingly used false records or statements material to false or fraudulent claims for payment, in violation of N.Y. CLS St. Fin. § 189(1)(b).

74. Each such claim submitted to New York Medicaid is a separate violation of the NYFCA.

75. By reason of the submission of claims containing statements or representations that Defendants knew or should have known to be false, New York has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Relators respectfully request that this Court enter judgment in their favor and that of the United States and New York, and against Defendants, granting the following on all Counts:

(A)  an award to the United States for treble its damages, a civil penalty for each violation of the FCA, and its costs pursuant to 31 U.S.C. § 3729(a)(3);

(B)  an award to New York for treble its damages, a civil penalty for each violation of the NYFCA, and its costs pursuant to N.Y. CLS St. Fin. § 189(1)(h);

(C)  an award to Relators in the maximum amount permitted under 31 U.S.C. § 3730(d) and N.Y. CLS St. Fin. § 190(6), and for the reasonable attorney's fees and costs they incurred in prosecuting this action;

(D)  awards to the United States, New York, and Relators of pre- and post-judgment interest at the rates permitted by law; and

(E)  an award of such other and further relief as this Court may deem to be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relators demand trial by jury on all questions of fact raised by the Complaint.

Dated: July 23, 2019

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

        Respectfully submitted,

        **BROWN, LLC**

        <u>*/s/ Jason T. Brown*</u>
        Jason T. Brown
        Benjamin Lin
           (*pro hac vice* application forthcoming)
        Ching-Yuan "Tony" Teng
        111 Town Square Place, Suite 400
        Jersey City, NJ 07310
        (877) 561-0000 (telephone)
        (855) 582-5297 (fax)
        jtb@jtblawgroup.com
        ben.lin@jtblawgroup.com
        tonyteng@jtblawgroup.com

        *Attorneys for Relators*

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

# CERTIFICATE OF SERVICE

      I hereby certify that on July 23, 2019, I caused a true copy of the Complaint in the matter captioned *United States of America and State of New York ex rel. Purnell v. BASICS, Inc., et al..* to be served upon the following, along with written disclosure of substantially all material evidence and information possessed by Relators:

*by USPS Registered Mail, Return Receipt Requested, to*

Geoffrey S. Berman
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York City, NY 10007

William Barr
Office of the Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Letitia James
New York Attorney General
Office of the Attorney General
28 Liberty Street, 16th Floor
New York, NY 10005

                                                    _____*/s/ Jason T. Brown*_____
                                                            Jason T. Brown